MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

FERMIN RENDON CAMPOS, GREGORIO
GARCIA MAURELIO, and OCTAVIANO
RAMOS DE LA ROSA VIVALDO,
*individually and on behalf of others similarly
situated,*

*Plaintiffs*,

-against-

SIXTYONE READE PIZZA INC. (A.K.A. 61
READE PIZZA INC.) (D/B/A TRE
SORELLE), ANTONIA PULICE PATI,
JOSEPH PATI, BILLY DOE, and
JACQUELINE DOE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Fermin Rendon Campos, Gregorio Garcia Maurelio, and Octaviano Ramos De

la Rosa Vivaldo , individually and on behalf of others similarly situated (collectively, "Plaintiffs"),

by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and

belief, and as against Sixtyone Reade Pizza Inc. (a.k.a. 61 Reade Pizza Inc.) (d/b/a Tre Sorelle),

("Defendant Corporation"), Antonia Pulice Pati,  Joseph Pati, Billy Doe, and Jacqueline Doe,

("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants Sixtyone Reade Pizza Inc. (a.k.a. 61 Reade Pizza Inc.) (d/b/a Tre Sorelle), Antonia Pulice Pati, Joseph Pati, Billy Doe, and Jacqueline Doe.

2.       Defendants own, operate, or control an Italian restaurant, located at 61 Reade Street, New York, New York 10007 under the name "Tre Sorelle".

3.      Upon information and belief, individual Defendants Antonia Pulice Pati, Joseph Pati, Billy Doe, and Jacqueline Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employed as delivery workers at the restaurant located at 61 Reade Street, New York, New York 10007.

5.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

6.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

At all relevant times, Defendants have paid Plaintiffs at a rate that is lower than the required tip-credit rate.

8.      In addition, Defendants have maintained a policy and practice of unlawfully

appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

9.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## **PARTIES**

### *Plaintiffs*

15.    Plaintiff Fermin Rendon Campos ("Plaintiff Rendon" or "Mr. Rendon") is an adult individual residing in Queens County, New York.

16.    Plaintiff Rendon has been employed by Defendants at Tre Sorelle from approximately November 2016 until on or about the present date.

17.    Plaintiff Gregorio Garcia Maurelio ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in New York County, New York.

18.    Plaintiff Garcia was employed by Defendants at Tre Sorelle from approximately June 2014 until on or about February 19, 2019.

19.    Plaintiff Octaviano Ramos De la Rosa Vivaldo ("Plaintiff Ramos" or "Mr. Ramos") is an adult individual residing in Queens County, New York.

20.    Plaintiff Ramos was employed by Defendants at Tre Sorelle from approximately May 2016 until on or about February 13, 2019.

### *Defendants*

21.    At all relevant times, Defendants own, operate, or control an Italian restaurant, located at 61 Reade Street, New York, New York 10007 under the name "Tre Sorelle".

22.     Upon information and belief, Sixtyone Reade Pizza Inc. (a.k.a. 61 Reade Pizza Inc.) (d/b/a Tre Sorelle) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 61 Reade Street, New York, New York 10007.

23.     Defendant Antonia Pulice Pati is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Antonia Pulice Pati is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Antonia Pulice Pati possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Joseph Pati is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Pati is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Pati possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Billy Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Billy Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Billy Doe

possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Jacqueline Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jacqueline Doe is sued individually in her capacity as a manager of Defendant Corporation. Defendant Jacqueline Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

27.    Defendants operate an Italian restaurant located in the Tribeca section of Manhattan in New York City.

28.    Individual Defendants, Antonia Pulice Pati, Joseph Pati, Billy Doe, and Jacqueline Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

29.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.   Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.   In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

33.   Upon information and belief, Individual Defendants Antonia Pulice Pati, Joseph Pati, and Billy Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34. At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

35. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

36. In each year from 2014 to the present year, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38. Plaintiffs are both current and former employees of Defendants who have been employed as delivery workers.

39. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Fermin Rendon Campos*

40. Plaintiff Rendon has been employed by Defendants from approximately November 2016 until on or about the present date.

41. Defendants have employed Plaintiff Rendon as a delivery worker.

42.    Plaintiff Rendon has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.    Plaintiff Rendon's work duties have required neither discretion nor independent judgment.

44.    From approximately November 2016 until on or about August 2017, Plaintiff Rendon worked from approximately 3:30 p.m. to 5:00 p.m. until on or about 10:00 p.m. to 10:30 p.m., 5 days a week and from approximately 9:30 a.m. to 11:00 a.m. until on or about 10:00 p.m. to 10:30 p.m., on Sundays (typically 36 to 46 hours per week).

45.    From approximately September 2017 until the present date, Plaintiff Rendon has worked from approximately 3:30 p.m. to 5:00 p.m. until on or about 10:00 p.m. to 10:30 p.m., 4 days a week (typically 20 to 30 hours per week).

46.    Throughout his employment, Defendants have paid Plaintiff Rendon his wages in cash.

47.    From approximately November 2016 until on or about August 2017, Defendants paid Plaintiff Rendon a fixed salary of $220 per week.

48.    From approximately September 2017 until the present date, Defendants have paid Plaintiff Rendon a fixed salary of $120 per week.

49.    Plaintiff Rendon's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

50.    For example, Defendants have required Plaintiff Rendon to start working 1 and a half hours prior to his scheduled start time and to continue working a half hour after his scheduled departure time almost every day, and have not paid him for the additional time he has worked.

51.   Defendants have never granted Plaintiff Rendon any breaks or meal periods of any kind.

52.   Plaintiff Rendon has never been notified by Defendants that his tips are being included as an offset for wages.

53.   Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Rendon's wages.

54.   Defendants have withheld a portion of Plaintiff Rendon's tips; specifically, Defendants have withheld  15% of the tips clients have paid Plaintiff Rendon.

55.   Plaintiff Rendon has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

56.   No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Rendon regarding overtime and wages under the FLSA and NYLL.

57.   Defendants have never provided Plaintiff Rendon an accurate statement of wages, as required by NYLL 195(3).

58.   Defendants have never given any notice to Plaintiff Rendon, in English and in Spanish (Plaintiff Rendon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.   Defendants have required Plaintiff Rendon to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, two vests, and a set of lights.

*Plaintiff Gregorio Garcia Maurelio*

60.   Plaintiff Garcia was employed by Defendants from approximately June 2014 until on or about February 19, 2019.

- 10 -

61.   Defendants employed Plaintiff Garcia as a delivery worker.

62.   Plaintiff Garcia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

63.   Plaintiff Garcia's work duties required neither discretion nor independent judgment.

64.   Throughout his employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

65.   From approximately June 2014 until on or about Februry 19, 2019, Plaintiff Garcia worked from approximately 11:00 a.m. until on or about 10:40 p.m., 7 days a week (typically 74 to 75 hours per week).

66.   Throughout his employment, Defendants paid Plaintiff Garcia his wages in cash.

67.   From approximately June 2014 until February 19, 2019, Defendants paid Plaintiff Garcia a fixed salary of $400 per week.

68.   Defendants never granted Plaintiff Garcia any breaks or meal periods of any kind.

69.   Plaintiff Garcia was never notified by Defendants that his tips were being included as an offset for wages.

70.   Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Garcia's wages.

71.   Defendants withheld a portion of Plaintiff Garcia's tips; specifically, Defendants withheld 15% of the tips customers paid  Plaintiff Garcia.

72.   Plaintiff Garcia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

73.   No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

74.   Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

75.   Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

76.   Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including a bicycle, three helmets, three lights, and one vest.

*Plaintiff Octaviano Ramos De la Rosa Vivaldo*

77.   Plaintiff Ramos was employed by Defendants from approximately May 2016 until on or about February 13, 2019.

78.   Defendants employed Plaintiff Ramos as a delivery worker.

79.   Plaintiff Ramos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

80.   Plaintiff Ramos's work duties required neither discretion nor independent judgment.

81.   From approximately May 2016 until on or about December 2016, Plaintiff Ramos worked from approximately 5:30 p.m. until on or about 10:00 p.m., 4 days a week (typically 18 hours per week).

82.   From approximately December 2016 until on or about April 2017, Plaintiff Ramos worked from approximately 5:30 p.m. until on or about 10:00 p.m., 5 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., on Saturdays (typically 38.5 hours per week).

83.     From approximately April 2017 until on or about December 2017, Plaintiff Ramos worked from approximately 5:30 p.m. until on or about 10:00 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., on Saturdays (typically 33 hours per week).

84.     From approximately December 2017 until on or about April 2018, Plaintiff Ramos worked from approximately 5:30 p.m. until on or about 10:00 p.m., 5 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., on Saturdays (typically 38.5 hours per week).

85.     From approximately April 2018 until on or about December 2018, Plaintiff Ramos worked from approximately 5:30 p.m. until on or about 10:00 p.m., 4 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., on Saturdays (typically 33 hours per week).

86.     From approximately December 2018 until on or about February 13, 2019, Plaintiff Ramos worked from approximately 5:30 p.m. until on or about 10:00 p.m., 5 days a week and from approximately 11:00 a.m. until on or about 10:00 p.m., on Saturdays (typically 38.5 hours per week).

87.     Throughout his employment, Defendants paid Plaintiff Ramos his wages in cash.

88.     From approximately May 2016 until on or about February 13, 2019, Defendants paid Plaintiff Ramos a fixed salary of $30.00 per day; on Saturdays, Plaintiff Ramos was paid a fixed salary of $60.00 per day.

89.     Plaintiff Ramos's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

90.     For example, Defendants required Plaintiff Ramos to work an additional half an hour past his scheduled departure time three times a month, and did not pay him for the additional time he worked.

91. Defendants never granted Plaintiff Ramos any breaks or meal periods of any kind.

92. Plaintiff Ramos was never notified by Defendants that his tips were being included as an offset for wages.

93. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ramos's wages.

94. Defendants withheld a portion of Plaintiff Ramos's tips; specifically, Defendants withheld 15% of the tips clients paid Plaintiff Ramos.

95. Plaintiff Ramos was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

96. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramos regarding overtime and wages under the FLSA and NYLL.

97. Defendants did not provide Plaintiff Ramos an accurate statement of wages, as required by NYLL 195(3).

98. Defendants did not give any notice to Plaintiff Ramos, in English and in Spanish (Plaintiff Ramos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

99. Defendants required Plaintiff Ramos to purchase "tools of the trade" with his own funds—including a bicycle, a basket, a helmet, and two vests.

*Defendants' General Employment Practices*

100. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours

a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

101.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

102.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

103.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

104.    Plaintiffs and all other tipped workers have been paid at a rate that is lower than the required tip-credit rate by Defendants.

105.    In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

106.    Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

107.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

108.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they have received.

109.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice has included depriving delivery workers of a portion of the tips earned during the course of employment.

110.    Defendants have unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

111.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

112.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

113.    Defendants have paid Plaintiffs their wages in cash.

114.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

115.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

116.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

117.   Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

118.   Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

119.   Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

120.   Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

121.    At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

122.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

125.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

126.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

127.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

128.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

129.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

132.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

133.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

134.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

136.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

137.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

138.    Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

139.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

141.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

142.    Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

143.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

144.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

145.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours has exceeded ten hours is willful within the meaning of NYLL § 663.

146.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

147.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

148.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

149.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

150.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

152.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

153.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

154.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

155.    Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

156.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

157.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

158.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the

gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

159.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

160.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

161.    Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        March 18, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
           Michael Faillace [MF-8436]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 14, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Octaviano Ramos De La Rosa Vivlado
Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     14 de febrero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 19, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Maurelio Gregorio Garcia

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      19 de Febrero, 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 20, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Fermin Rendon Campos

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     20 de febrero

*Certified as a minority-owned business in the State of New York*