UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Fermin Rendon Campos, *et al.*,

        Plaintiffs,

19-cv-2414 (AJN)

–v–

MEMORANDUM
OPINION & ORDER

Sixtyone Reade Pizza Inc., *et al.*,

        Defendants.

ALISON J. NATHAN, District Judge:

    Three current and former employees of Sixtyone Reade Pizza in Manhattan brought this suit alleging that Sixtyone paid them a fixed weekly salary that failed to adequately compensate them under the Fair Labor Standards Act, 29 U.S.C. §§ 203 et seq. The parties reached a settlement agreement in mediation, which provides for a total settlement payment of $100,000 with one third of that amount for attorney's fees. The Court now considers whether the settlement is fair and reasonable under the standard set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Court concludes that it is and thus approves the proposed settlement.

**I.    Legal Standard**

    The unique policy considerations underlying the Fair Labor Standards Act require that a court or the Department of Labor approve any settlement of FLSA claims. *Cheeks*, 796 F.3d at 206. The Court must assure itself that the proposed settlement terms are "fair and reasonable" before approving such a settlement. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:

1

(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (cleaned up).

## II.   Discussion

The Court first considers the total amount of the settlement in relation to the employees' possible recovery and the risks and expenses of litigation.  The employees calculate their back wages to be approximately $209,134 and estimate that they would be entitled to about $591,436 inclusive of penalties and interest had they recovered in full for their claims.  Dkt. No. 38, at 2; *see* Dkt. No. 38-2 (calculation of underpaid wages).  Sixtyone has disputed the employees' claimed hours of work and indicated that it would produce witnesses to testify that the employees worked less than they claimed.  Dkt. No. 38, at 2.  The total award of about half the employees' claimed back wages and about one-sixth of their claimed total damages is reasonable in light of the factual disputes and litigation risk in this case.  There is also no indication of collusion between the attorneys in this case—the parties reached settlement following arms'-length negotiations under the auspices of this District's mediation program.  *See* Dkt. No. 31.

The Court finds that the sought attorney's fees are fair, too.  Courts in this District routinely award attorney's fees based on contingency agreements up to one third of the settlement.  *See, e.g.*, *Jia Wang Lin v. Ginza 685 Inc.*, No. 18-cv-12202 (AJN), 2021 WL 2138511, at *2 (S.D.N.Y. May 26, 2021); *Run Guo Zhang v. Lin Kumo Japanese Restaurant Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015); *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015).  One

third of the settlement fund in this case exceeds the lodestar value of $6,982 based on the hours worked by the employees' counsel in this case.  *See* Dkt. No. 38-3.  However, the Court has previously noted that courts in this District more commonly assess the reasonableness of fees based on the percentage method.  *Hyun v. Ippudo USA Holdings*, No. 14-cv-8706 (AJN), 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016).  In cases like this one, where the parties settle before trial, adhering strictly to a lodestar calculation has the potential to "create a disincentive to early settlement."  *Id.* (quoting *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010)).  Considering the totality of the circumstances, a fee award of one third of the total settlement is reasonable here.

The settlement agreement contains no objectionable terms like confidentiality provisions, non-disparagement clauses, or general releases extending beyond the wage-and-hour issues in this suit.  Thus, satisfied that the total value of the settlement and attorney's fees are reasonable, the Court finds that the settlement is fair and reasonable under *Cheeks*.

## Conclusion

For the foregoing reasons, the Court approves the proposed settlement (Dkt. No. 38-1). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: August 9, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

3